UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WOLVERINE FUELS SALES, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PHOENIX COAL SALES, INC., an Oklahoma corporation,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE UNDER SEAL (DOC. NO. 2)**<br><br>Case No. 2:25-cv-00104<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Wolverine Fuels Sales, LLC brought this case against Phoenix Coal Sales, Inc., alleging Phoenix breached a contract to purchase coal from Wolverine.[1] On the same day Wolverine filed its complaint, it filed a motion for leave to file under seal portions of the complaint and the entirety of all three exhibits to the complaint.[2] As explained below, Wolverine's motion is granted in part and denied in part—Wolverine may only redact pricing and quantity provisions from the complaint and exhibits.

---

[1] (*See* Compl., Doc. No. 1.)

[2] (*See* Mot. for Leave to File Under Seal ("Mot."), Doc. No. 2.)

1

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[3] However, this right is "not absolute."[4] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[5] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7]

On its own, a confidentiality provision in a settlement agreement or contract is insufficient to warrant sealing.[8] For instance, in *Colony Insurance Co. v. Burke*,[9] the Tenth Circuit denied a motion to seal confidential settlement agreements where "[t]he parties themselves placed these settlements at the center of [the] controversy," and

---

[3] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[4] *Id.* (citation omitted).

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *Id.* at 1242 (alteration in original) (citation omitted).

[8] *See Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification."); *Colony Ins. Co.*, 698 F.3d at 1241 (denying a motion to seal where "[t]he parties' only stated reason for filing these documents under seal is that they involve the terms of confidential settlement agreements and/or they were filed under seal in the district court").

[9] 698 F.3d 1222.

"[n]either party has submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweighs the presumption of public access."[10]  Notwithstanding this, "a party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[11]  "[P]rotecting confidential business and financial information is a legitimate ground to restrict public access."[12]

## ANALYSIS

Wolverine seeks leave to file under seal portions of its complaint and the entirety of all three exhibits to the complaint.[13]  As to the complaint, Wolverine seeks to redact references to pricing and quantity provisions in the agreements at issue in this case.[14]  The exhibits Wolverine seeks to seal are (1) the contract between Wolverine and Phoenix, (2) a settlement agreement between Wolverine and Phoenix relating to the contract, and (3) a sales invoice Wolverine issued to Phoenix.[15]  Wolverine contends the unredacted complaint and the exhibits should be sealed because the parties are

---

[10] *Id.* at 1241–42.

[11] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[12] *Tri Cnty.Tel. Ass'n v. Campbell*, No. 20-8053, 2021 U.S. App. LEXIS 29614, at *2–3 (10th Cir. June 16, 2021) (unpublished).

[13] (*See* Mot. 1, Doc. No. 2.)

[14] (*See id.* at 1–2.)

[15] (*See* Doc. Nos. 3-1, 3-2, 3-3 (sealed).)

contractually bound to keep "certain terms" of the agreements confidential, including the "Base Price" of coal under the contract.[16]

At this early stage of the case, good cause exists to redact pricing and purchase quantity information from the complaint and the exhibits. This sensitive financial and business information may harm the parties' competitive standing if disclosed, and these interests outweigh the public's interest in the information at this stage.[17] However, Wolverine has not shown good cause to seal the entirety of the contract, settlement agreement, and invoice. Wolverine's only justification for sealing these documents is that the parties are contractually bound to keep certain terms of the contract confidential.[18] But a confidentiality provision in a settlement agreement or contract is insufficient, on its own, to justify sealing.[19] And Wolverine has placed the documents "at the center of this controversy" by alleging Phoenix breached the agreements.[20] Accordingly, Wolverine is ordered to file redacted versions of the exhibits within fourteen days, redacting only pricing and purchase quantity information (consistent with the redactions made in the complaint).

---

[16] (*See* Mot. 1–2, Doc. No. 2.)

[17] *See Deherrera*, 820 F.3d at 1162 n.8; *Tri Cnty.Tel. Ass'n*, 2021 U.S. App. LEXIS 29614 at *3–4. This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

[18] (*See* Mot. 1–2, Doc. No. 2.)

[19] *See Sacchi*, 918 F.3d at 1160.

[20] *See Colony Ins. Co.*, 698 F.3d at 1241.

## CONCLUSION

Because Wolverine has only shown good cause to seal some of the information at issue, Wolverine's motion[21] is granted in part and denied in part. Wolverine's unredacted complaint[22] shall remain under seal. Wolverine is ordered to file redacted versions of the exhibits to its complaint within fourteen days, redacting only pricing and purchase quantity information. The unredacted versions of the exhibits[23] shall remain under seal, but if Wolverine fails to file redacted versions of these documents within fourteen days, the unredacted exhibits may be unsealed without further notice.

DATED this 27th day of February, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[21] (Doc. No. 2.)

[22] (Doc. No. 3.)

[23] (Doc. Nos. 3-1, 3-2, 3-3.)